UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California Corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 68.6.150.77,<br><br>　　　　　　Defendant. | Case No. 13cv435 JAH (WMc)<br><br>**ORDER: (1) DENYING DOE DEFENDANT'S MOTION TO QUASH; AND (2) ISSUING PROTECTIVE ORDER LIMITING THE DISCLOSURE TO USE FOR SERVICE OF PROCESS ONLY**<br><br>[ECF No. 7] |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On July 3, 2013, the putative defendant John Doe in the above-entitled case filed a motion to quash a subpoena issued by Plaintiff to internet service provider ("ISP"), Cox Communications.  The ISP subpoena seeks the name and address of the doe defendant against whom Plaintiff Malibu Media has filed a complaint for copyright infringement.  At this point in the litigation, Plaintiff is only aware of the defendant through the IP address used and has no information on the doe defendant's actual name or address.  In order to serve the complaint filed on February 25, 2013, Plaintiff requested leave of court to issue a Rule 45 subpoena to Cox to ascertain the name and address of the doe defendant.  In its Memorandum of Points and Authorities in support of its Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, Plaintiff specifically stated that

without the true name and address of John Doe, "Plaintiff cannot serve the Defendant nor pursue this lawsuit to protect its valuable copyrights." [ECF No. 4-1 at 4.]

After receiving notification from the internet service provider of Malibu Media's subpoena, John Doe filed a motion to quash arguing: (1) the subpoena is <u>not</u> very likely[1] to identify the actual infringer - therefore, *before* Malibu Media receives personal information from Cox pursuant to subpoena, it should be required to set forth a discovery plan for ensuring the infringer, *and not simply an innocent subscriber paying the internet service bill*, is the one subpoenaed and named in a complaint alleging infringement of pornographic materials; (2) Malibu Media uses the information it receives pursuant to the Court's subpoena power to run a national settlement mill in which internet subscribers are shaken down for exorbitant and inaccurate settlement amounts before the complaint is served (if it is ever served); and (3) Malibu Media's complaint could not withstand a motion to dismiss because it is supported by the "snapshot" of an IP address engaged in a download at a certain moment in time as opposed to evidence that the download of Plaintiff's copyrighted work was actually completed and not terminated. [ECF No. 7 at 5-7.]

Malibu Media opposes John Doe's motion to quash contending: (1) the doe defendant does not have valid grounds for bringing a motion to quash under Rule 45 of the Federal Rules of Civil Procedure; (2) ordering a one-sided discovery plan from Plaintiff, which the doe defendant asks the Court to require before a subpoena can issue, unreasonably and unnecessarily subjects Plaintiff to a "heightened standard"; (3) there is no way, other than ISP subpoena, to locate the contact

---

[1] In *Gillespie v. Civiletti*, 629 F.2d 637, 643 (9th Cir. 1980), the Ninth Circuit found a district court had abused its discretion after denying early discovery because it was "very likely" interrogatories directed to named defendants would "have disclosed the identities of the 'John Doe' defendants." Accordingly, courts may allow a plaintiff the opportunity to conduct early discovery in order to reveal the identity of doe defendants "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id*. at 642.

information needed to serve the copyright infringement complaint; (4) it intends to serve the instant doe defendant, whom a company investigator claims is a serial infringer, if a "resolution" cannot be reached; and (5) its complaint is not premised on the "snapshot theory of liability", and includes evidence suggesting the doe defendant's IP address infringed 32 copyrighted works over the course of nearly a year. [ECF No. 8 at 6-14.]

## II. BACKGROUND

On March 19, 2013, Plaintiff Malibu Media filed a complaint for copyright infringement and a motion for leave to serve a third-party ISP subpoena to ascertain the identity of the John Doe defendant in this matter. (ECF No. 1, 4.) In its complaint, Plaintiff alleges it owns the copyrights for movies contained on its website and the doe defendant used a peer-to-peer file sharing system, to copy and distribute the movies without its consent. (*Id.* at 6.) Plaintiff's accompanying motion requested leave of court to serve a Rule 45 subpoena on the internet service provider that issued the doe defendant's IP address in order to demand a name and address for purposes of service. (*Id.* at 7.) No opposition was filed in response to Malibu Media's motion for early discovery because the doe defendant had no knowledge of the complaint or attendant motion for early discovery at the time of their filing.

On May 9, 2013, the Court granted the motion for early discovery and ordered Plaintiff: (1) to serve a third-party subpoena on the doe defendant's Internet Service Provider to identify only the name and address of the person identified by the IP address 68.6.150.77; and (2) to **"only use the information obtained from the ISP in furtherance of its lawsuit."** [ECF No. 6 at 5. (emphasis added).]

On July 3, 2013, the attorney for John Doe filed a motion to quash urging the Court to reconsider its grant of early discovery and put further protections in place to ensure Plaintiff will actually serve its complaint on an alleged infringer as

opposed to a person who may simply pay the ISP bill. [ECF No. 7-1.] Attorney Morgan Pietz submitted a declaration in support of the doe defendant's request which outlined his experience defending similar copyright infringement cases brought by Malibu Media. [ECF No. 7-2.] Attorney Pietz's declaration and exhibits thereto paint a picture of questionable litigation practices in district courts nationwide by various counsel for Malibu Media including: (1) failure to file notices of related cases; (2) use of non-attorney "negotiators" to propose settlement of the alleged infringement; (3) material misrepresentation by its negotiators as to the range of statutory damages; (4) use of the Court's subpoena power to collect on claims <u>not</u> alleged in the complaint; (5) overbroad subpoena requests seeking phone numbers and email addresses; (6) a pattern and practice of not actually serving John Doe defendants after receiving contact information from subpoenaed internet service providers; and (7) attaching embarrassing and non-evidentiary material to complaints. *Id.* As for the instant action, Plaintiff has, at present, failed to file a notice of related case[2] and attached a non-evidentiary "Exculpatory Evidence Request" form to its complaint. [*See* Doc. No. 1-4.] Whether Plaintiff will attempt to engage in the remaining five litigation practices identified by the doe defendant in this matter has not yet been shown.

### III. STANDARD OF REVIEW

**A. Subpoena - Motion to Quash**

Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir.1994) (applying both rules to motion to quash subpoena). Specifically, under Federal Rule of Civil Procedure 45(a)(1)©, any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored

---

[2]On February 25, 2013, Malibu Media simultaneously filed 10 copyright infringement cases in this district (including the instant action), which were randomly assigned to various judges. Of the ten complaints filed on February 25, 2013, ***none*** have been served by the time of this Order's writing and five were dismissed without prejudice by Plaintiff in July and August of this year. *See* 13cv440 H (MDD); 13cv443 LAB (DHB); 13cv434 LAB (DHB); 13cv436 LAB (DHB); 13cv442 LAB (DHB).

information, or tangible things ....” Fed.R.Civ.P. 45(a)(1)©. The subpoena may command the production of documents which are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Upon a timely motion, the court issuing such a subpoena <u>shall</u> quash or modify it if it determines that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii).  In addition, to protect a person affected by a subpoena, the issuing court <u>may</u>, on motion, quash or modify the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed.R.Civ.P. 45(c)(3)(B)(iii).

**B.  Protective Orders**

Under Rule 26© of the Federal Rules of Civil Procedure, the Court may *sua sponte* issue a protective order, for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) *specifying terms, including time and place, for the disclosure or discovery*; C) *prescribing a discovery method other than the one selected by the party seeking discovery*; (D) *forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters*; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs. *See* Fed. R. Civ. P. 26(c)(1)(italics added); *see e.g. Prescott v. County of Stanislaus*, 2011 WL 5877013, at *5 (E.D.Cal. Nov.22, 2011) (*citing McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385

(C.D.Cal.2002); *Coleman v. Schwarzenegger*, 2007 WL 4276554, *1 (N.D. Cal. 2007)(explaining "in the inherent discretion of a court to manage its own discovery, a court may *sua sponte* enter a protective order for good cause shown.").

## IV.  DISCUSSION AND ORDER THEREON

The briefing provided by the parties has raised interesting questions regarding Plaintiff's use of the Court's subpoena power to locate potential defendants nationwide.  Particularly compelling is the declaration of Attorney Pietz and its attached exhibits.  However, the wrinkle presented by Mr. Pietz's declaration is that his recitation of potentially unprofessional encounters with Malibu Media's counsel and settlement "negotiators" concerns cases filed in the Central District of California and beyond.  There is very little information in Mr. Peitz' declaration regarding the practices of Malibu Media's counsel in the Southern District.

With its curiosity piqued, the Court examined its own docket of cases filed by Malibu Media, LLC here in the Southern District.  At the time of its search on August 13, 2013, the Court found Malibu Media to be a plaintiff in 24 cases in the Southern District.  Of those 24 cases, 19 were voluntarily dismissed without prejudice by Malibu Media with no evidence that Plaintiff had ever completed service of the complaint on defendant despite being allowed the opportunity to issue ISP subpoenas in 18 of those 19 voluntarily dismissed cases.  Given the sensitive nature of the pornographic material at issue in this suit and the potential for annoyance and embarrassment on the part of the doe defendant called to defend against Plaintiff's allegations, good cause exists to issue a protective order under Rule 26© of the Federal Rules of Civil Procedure to ensure: (1) Plaintiff intends to actually serve the doe defendant in this lawsuit as it represented to the Court in its Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference; and (2) Plaintiff complies with this Court's directive in its May 9, 2013 Order to *"only use the information obtained from the ISP in furtherance of its*

*lawsuit."* [ECF No. 6 at 5. (emphasis added).]

As the Court previously found in its May 9, 2013 Order, the *Semitool* factors were satisfied by Plaintiff's Motion for Leave to Serve a Third-Party Subpoena. *See e.g. Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Accordingly, the motion to quash the ISP subpoena is **DENIED**. **Nevertheless, the Court will limit the scope of the name and address disclosure to that of <u>use for service of process only</u>.** *See* Fed. R. Civ. P. 26(c)(D). Specifically, the name and address revealed to Plaintiff by the Internet Service Provider shall only be used by Plaintiff's counsel to contact the doe defendant <u>*for service of the complaint*</u>. Plaintiff may not contact the doe defendant or counsel for discussion of settlement until *after* all the operative pleadings in this action, including an answer, are filed. If after receiving the name and address information it requested, Plaintiff wishes to seek further written discovery prior to serving the complaint on the doe defendant in compliance with Rule 11(b)(1)-(4), Plaintiff may again apply to the Court for permission.

**IT IS FURTHER ORDERED** that where applicable under Local Rule 40.1(f), Plaintiff shall file a Notice of Related Case in all its current cases as well as future cases before this Court. As set forth in the Local Rule, "[t]his is a continuing duty that applies not only when counsel files a case with knowledge of a related action or proceeding but also applies after the date of filing whenever counsel learns of a related action or proceeding." Civil Local Rule 40.1(f).

**Failure of any counsel or party to comply with this Order will result in the imposition of sanctions, including terminating sanctions.**

**IT IS SO ORDERED.**

DATED: August 14, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court